**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 06-4457**

───────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BARRY FLETCHER,

Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Robert C. Chambers, District Judge. (3:00-cr-00227)

───────────────

Submitted: November 15, 2006      Decided:  November 20, 2006

───────────────

Before WIDENER, WILKINSON, and MOTZ, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, David R. Bungard, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Richard Gregory McVey, OFFICE OF THE UNITED STATES ATTORNEY, Huntington, West Virginia, for  Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Barry Fletcher appeals the district court's order revoking his supervised release and sentencing him to twenty-one months imprisonment. Fletcher's attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there were no meritorious issues to raise on appeal, but arguing that Fletcher's sentence was unreasonable. Fletcher was informed of his right to file a pro se supplemental brief, but he has not done so. Because our review of the record discloses no meritorious issues and no error by the district court, we affirm the revocation order and the sentence imposed.

As recently discussed in United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006), we review a sentence imposed upon the revocation of supervised release to determine whether the sentence is "plainly unreasonable." Because Fletcher's sentence was within the applicable statutory maximum and the recommended guideline range, and because it was neither procedurally nor substantively unreasonable, we find it was not plainly unreasonable. In imposing this sentence, the court specifically noted that Fletcher had already been given a second chance to comply with the requirements of supervised release and that the circumstances suggested that Fletcher could not comply with supervised release in the future. In addition, the court considered the time Fletcher spent in state prison on the charge

that served as a partial basis for the revocation. Thus, we find that the district court adequately considered the policies underlying the supervised release statute, the various applicable sentencing factors, and the available sentencing options.[*]

Accordingly, we affirm the district court's judgment. This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*]Fletcher asserts that supervised release was intended to ease the defendant's transition into the community and provide rehabilitation and that Fletcher's sentence was not designed to serve this goal. However, the relevant statutes make clear that, when imposing a sentence after revocation of supervised release, a court should consider, not only training and treatment, but also the defendant's history, the nature and circumstances of the offense, the need to protect the public from further crimes, and the need to deter criminal conduct, among other factors. See 18 U.S.C.A. § 3553(a), 3583(e) (West 2000 & Supp. 2006).